UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

MARCUS INGRAM, Individually,     :
:
     Plaintiff,             :
:
v.                                :     Case No.
:
GARDEN FRESH RESTAURANTS (DE) :
LLC.                                :
A Foreign Limited Liability Company   :
:
     Defendant.
_____/

## COMPLAINT

Plaintiff, Marcus Ingram (hereinafter "Plaintiff"), hereby sues the Defendant, Garden Fresh Restaurants (DE) LLC., a Foreign Limited Liability Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, costs and damages pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), Negligence, Ga. Code Ann. §51-3-1, and Negligence per se, GA. Code Ann. §51-1-6. In support thereof, Plaintiff states:

1.    This action is brought by Marcus Ingram, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C.

12188(a), and for negligence and negligence per se, against the owners and/or operators of the Sweet Tomatoes Buffet restaurant.

2.      This Court has jurisdiction pursuant to the following statutes:

        a.      28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

        b.      28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

        c.      28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's State claim as violations of Georgia Code, arise from the same facts and circumstances that give rise to Plaintiff's ADA claim.

4.      Venue is proper in this judicial district and division. Defendant does business in the State of Georgia, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

5.      Plaintiff Marcus Ingram is a resident of Atlanta, Georgia, uses a wheelchair

due to paraplegia, and is an individual with a disability within the meaning of

ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.1046.

6.      Plaintiff Marcus Ingram is substantially limited in performing one or more

major life activities, including but not limited to, walking.

7.      Plaintiff Marcus Ingram resides in close proximity to the property in question

and frequently visits such property.

8.      Plaintiff Marcus Ingram is a frequent patron at the Sweet Tomatoes Buffet

restaurant,  located at 6340 Peachtree Dunwoody Rd, Atlanta, GA.

9.      The Sweet Tomatoes Buffet restaurant is a place of public accommodation

within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

10.     Defendant owns, leases, leases to, or operates the Sweet Tomatoes Buffet

restaurant, and is responsible for complying with the obligations of the ADA.

## COUNT I

### VIOLATION OF THE ADA

11.     Plaintiff realleges paragraphs one (1)  through ten (10) of this Complaint and

incorporates them here as if set forth in full.

12.     Plaintiff was a patron at the Sweet Tomatoes Buffet restaurant on or about June 18, 2019.

13.     Plaintiff has returned to the property since then and has definite plans to return the property again in January 2020, to avail himself of the goods and services offered to the public at the property but for the barriers in existence that deter him from doing so.

14.     There are numerous architectural barriers present at the Sweet Tomatoes Buffet restaurant that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Sweet Tomatoes Buffet restaurant are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

15.     Plaintiff, upon visiting the property, personally suffered discrimination because of his disability.

16.     There are several elements and spaces that Plaintiff personally encountered and which discriminated against him based upon him disability, such as:

    a.      The designated accessible parking spaces are excessively steep, thus causing a dangerous condition for an individual in a wheelchair.

    b.      The accessible route leads to a sidewalk that has an excessively high threshold and is inaccessible to an individual in a wheelchair.

c.      The door leading into the restaurant closes too fast for an individual in a wheelchair to utilize.

d.      There are no accessible tables in the restaurant for an individual in a wheelchair to utilize.

e.      There is no accessible path of travel in the restaurant for an individual in a wheelchair to access the property.

f.      There is insufficient clearance behind patrons at the buffet line for an individual in a wheelchair to access such.

g.      The door to the public restroom closes too fast for an individual in a wheelchair to utilize.

h.      The door to the public restroom requires a great amount of pressure in order to operate.

17.    The discriminatory violations described in paragraph 16 of this Complaint are not an exclusive list of the Defendant's ADA violations. The Plaintiff, and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendant's buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendant's ADA violations, as set forth above.

18.     The Plaintiff will continue to suffer such discrimination, injury and damage

without the immediate relief provided by the ADA as requested herein. The

Plaintiff has been denied access to, and has been denied the benefits of services,

programs and activities of the Defendant's buildings and its facilities, the

opportunity to use such elements, and have otherwise been discriminated against

and damaged by the Defendants because of the Defendant's ADA violations, as set

forth above.

19.     Plaintiff has standing to sue for every barrier to access for the mobility-

impaired that exists on the subject premises. Marcus Ingram has standing to require

that all barriers to access on the property for the mobility-impaired are corrected,

not merely only those Marcus Ingram personally encountered.

20.     Defendants' failure to remove the architectural barriers identified in

paragraph sixteen (16) constitutes a pattern or practice of discrimination within the

meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

21.     It would be readily achievable for the Defendant to remove the architectural

barriers identified above.

22.     Defendant is required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for its place of public

accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in

the alternative, if there has been an alteration to Defendant's place of public

accommodation since January 26, 1992, then the Defendant is required to ensure to

the maximum extent feasible, that the altered portions of the facility are readily

accessible to and useable by individuals with disabilities , 28 CFR 36.402; and

finally, if the Defendant's facility is one which was designed and constructed for

first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then

the Defendant's facility must be readily accessible to and useable by individuals

with disabilities as defined by the ADA.

23.     The Defendant has discriminated against Plaintiff by denying him access to,

and full and equal enjoyment of, the goods, services, facilities, privileges,

advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §

12182 et seq. and 28 CFR 36.302 et seq

24.     Defendant continues to discriminate against the Plaintiff by failing to make

reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities.

25.     Marcus Ingram has a realistic, credible, existing and continuing threat of

discrimination from the Defendants' non-compliance with the ADA with respect to

this property as described, but not necessarily limited to, the allegations in

paragraph 15 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendants.

26.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

27.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

29.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II
## NEGLIGENCE

30.     Plaintiff realleges paragraphs one (1)  through twenty-nine (29) of this Complaint and incorporates them here as if set forth in full.

31.     Defendant has a duty to maintain their premises so that the property is compliant with the ADA.

32.     Defendant, by failing to maintain their property in compliance with the standards of the ADA, breached their duty to the Plaintiff.

33.     Plaintiff, as an invitee on the premises owned and/or operated by Defendant, was injured by Defendant's failure to comply with the requirements of the ADA.

34.     Plaintiff has desired and attempted to enjoy the goods and services at Defendant's property as a patron. He has been prevented from doing so due to the existing architectural barriers at the property.

35.     As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries.

36.     In accordance with Ga.Code Ann. §51-3-1, the owner or occupier of land is liable for damages to individuals for injuries incurred by their failure to exercise ordinary care in keeping the premises safe.

37.     As previously stated, Plaintiff was an invitee on the premises of Defendant.

38.     Defendant failed to use ordinary care in maintaining their property in compliance with the ADA.

39.     Defendant breached their duty owed to Plaintiff, an invitee, by failing to inspect the premises to ensure it was free from barriers to access.

40.     It is negligence for an entity to fail to implement ADA-mandated requirements. See <u>Smith v Wal-Mart Stores, Inc</u>. 167 F.3d 286 (6th Cir. 1999)

41.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property.

42.     Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendants.

43.     Plaintiff has been aggrieved by Defendant's breach of their duty, has suffered irreparable harm, and is entitled to damages.

**COUNT III**
**NEGLIGENCE PER SE**

44.     Plaintiff realleges paragraphs one (1)  through forty-three (43) of this Complaint and incorporates them here as if set forth in full.

45.     Defendant's failure to comply the ADA is per se negligence under Georgia law.

46.     A plaintiff may assert a claim of negligence per se arising from violations of

federal or state statutes as long as (1) that plaintiff falls within the class of persons

the statute was intended to protect; (2) the harm complained of was the same harm

the statute was intended to guard against;  and (3) the violation of the statute

proximately caused the plaintiff's injury. See Kull v. Six Flags Over Ga. II, 264

Ga.App. 715, 716, 592 S.E.2d 143 (2003).

47.     Plaintiff, a disabled individual, is within the class for whose benefit the

statute was enacted.

48.     In accordance with 28 C.F.R. § 36.304(a), a public accommodation shall

remove architectural barriers in existing facilities where such removal is readily

achievable.

49.     Defendant was required to perform and act for the benefit of another, i.e. to

make the property compliant with the ADA for the benefit of disabled individuals.

50.     Plaintiff, by being denied access to the property of Defendant, was

humiliated, aggrieved, distraught and suffered emotional damages.

51.      Plaintiff has reasonable grounds to believe that he will continue to be

subjected to discrimination in violations of the ADA and Georgia law by the

Defendants.

52.     Plaintiff has been aggrieved by Defendant's breach of their duty, has

suffered irreparable harm, and is entitled to damages for the breach of such legal

duty under Ga. Code Ann. §51-1-6.

53.     Because Defendant has engaged in the acts and practices described above,

Defendant has violated the law as alleged in this Complaint and unless restrained

by this Honorable Court, Defendant will continue to violate the Constitution and

laws of the United States of America, and will cause injury, loss and damage to the

Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.     Declare that Defendant has violated title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, Ga. Code Ann. §51-3-

1, and GA. Code Ann. §51-1-6.

> i.     by failing to bring the Sweet Tomatoes Buffet restaurant into
>
> compliance with the Standards where it is readily achievable to do so;
>
> and
>
> ii.    by failing to take other readily achievable measures to remove
>
> architectural barriers to access when it is not readily achievable to
>
> comply fully with the Standards.

B.    Order Defendant:

i.    to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

ii.    to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

C.    Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.    Award damages to Plaintiff.

E.    Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: /s/ Pete M. Monismith
Pete M. Monismith
Georgia Bar 941228
Attorney for Plaintiff
3945 Forbes Ave., #175
Pittsburgh, PA 15213
(tel) 724-610-1881
(fax) 412-258-1309
pete@monismithlaw.com

**Font Certification**

I certify that I prepared this document in 14 point Times New Roman font

and complied with the margin and type requirements of this Court.

/s/ Pete Monismith
Pete Monismith
